CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 08, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID F. BROWN, )<br>    Plaintiff, ) | Civil Action Nos. 7:24-cv-00158 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CULPEPER COUNTY JAIL, *et al.*, )<br>    Defendants. ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Plaintiff David F. Brown, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Brown's complaint fails to state a claim and is frivolous, and the court will issue an order dismissing this action.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Examples of frivolous claims include those whose factual allegations are so nutty, delusional, or wholly fanciful as to be simply unbelievable." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009).

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Brown's complaint, the court concludes that it is frivolous and does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In his complaint, Brown first appears to allege that he has been wrongly placed in a mental hospital without having a proper evaluation. (Compl. at 1 ("I David F. Brown, did not receive an evaluation from Culpeper County . . . . Circuit Court Judge Dale Durrer signed off on illegal documents, to place [plaintiff] in the care of Western State Hospital.").) Brown continues to allege that he is being given medication for an "unknown purpose" and is being treated like an "animal" for an "experimental purpose." (*Id.* at 2.) Then, Brown accuses defendants of stealing millions of dollars from him that he had won in certain lawsuits. (*Id.* at 3–6.) He refers to money paid to him from "Blue Cross Blue Shield, militar[y] style judgment from the federal government, previous lawsuit Culpeper County five million dollars . . ." (*Id.* at 6.) Brown requests several hundreds of millions of dollars due to "falsifying state documents to commit fraud, conspiracy, bodily harm . . . .") (*Id.*)

Plaintiff provides no factual basis for his claim that officials jointly contrived to violate his constitutional rights by placing him in a mental hospital or by stealing money from him. Civil conspiracy claims under § 1983 require a plaintiff to show that defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the

deprivation of a constitutional right." *Davis v. Walmart Stores East, L.P.*, 687 F. App'x 307, 311 (4th Cir. 2017). Plaintiff's conspiracy claims are not believable and fall within the unsupported and delusional contentions that may be rejected as frivolous under § 1915A(b)(1). *See Songer v. Overton*, Case No. 7:18CV00491, 2018 WL 6242372, at *2 (W.D. Va. Nov. 29, 2018) (dismissing as frivolous claim that officials conspired to include suspension of prison time in sentencing order on the condition plaintiff stay out of county).

For the foregoing reasons, the court will summarily dismiss Brown's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous and for failure to state an actionable claim.

An appropriate order will be entered.

Entered: July 8, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge